8/23/2019 2:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36234988
By: Wanda Chambers
Filed: 8/23/2019 2:45 PM

No. 2019-59294

| | | |
|---|---|---|
| PN2-1445 LTD., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| THE HANOVER INSURANCE COMPANY AND MASSACHUSETTS BAY INSURANCE COMPANY; | § § § § | |
| | § | |
| Defendants. | § | 281st JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW Plaintiff PN2-1445 LTD., complaining of Defendants The Hanover Insurance Company and Massachusetts Bay Insurance Company, and respectfully shows as follows:

### DISCOVERY CONTROL PLAN REQUIRED

1. This case should be governed by Discovery Control Plan Level 3.

### PARTIES

2. Plaintiff PN2-1445 LTD., ("PN2") is a Texas limited partnership with its principal place of business in Houston, Texas.

3. Defendant The Hanover Insurance Company ("Hanover") is an insurance company organized under the laws of the State of Delaware. It may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

Defendants' Exhibit A to Notice of Removal

2

4. Defendant Massachusetts Bay Insurance Company ("Massachusetts Bay") is an insurance company organized under the laws of the State of Massachusetts. It may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the Defendants named herein because, upon information and belief, the Defendants:

    (a) have, at all material times, conducted business, including insurance business, in the State of Texas;

    (b) have contracted with a Texas resident;

    (c) have committed a tort in the State of Texas;

    (d) have sufficient minimum contacts with the State of Texas such that the assumption of jurisdiction will not offend traditional notions of fair play and substantial justice; and/or

    (e) have agreed to submit to the jurisdiction of this Court.

6. The damages sought herein are within the jurisdictional limits of this Court. Plaintiffs seek monetary relief over $1,000,000.

7. Venue is proper in Harris County, Texas pursuant to Sections 15.002 and 15.032 of the Texas Civil Practice and Remedies Code.

## JURY DEMAND

8. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, PN2 demands a trial by jury.

## NATURE OF CASE

9. This action arises out of Defendants' wrongful refusal to pay for loss and damage caused by Hurricane Harvey.

### The Policy

10. For good and valuable consideration, Defendants (collectively, "Insurers") issued Commercial Property Insurance Policy No. ZDD-D004648-01 (the "Policy").

### The Claim

11. PN2 owns commercial real estate in Houston, Texas, including the multi-story commercial office building located at 1445 North Loop W., Houston, Texas, 77008 (the "PN2 building"). PN2 leases office space in the PN2 building to commercial tenants.

12. Hurricane Harvey initially made landfall on the Texas coast on or about August 25, 2017. It made a second landfall and then stalled, producing catastrophic rainfall over the Houston area over the ensuing days. Harris County Flood Warning System data indicates that areas near the PN2 building had Major Rainfall of 14.56 inches that occurred on August 27, 2017.

13. Hurricane Harvey caused substantial damage to the PN2 building, which damage and resulting loss is covered under the Policy.

14. Thereafter, PN2 provided timely notice of its claim for loss and damage under the Policy. As a result of the damage to the PN2 building, PN2 has incurred significant damages and costs, including but not limited to structural damage, remediation costs, and building repairs. Although PN2 provided voluminous information

to Insurers demonstrating the damages and losses incurred by PN2, Insurers have made only limited, partial payments for certain items, and have otherwise refused to acknowledge the full extent of the damages and losses, or to honor their contractual and legal obligations owed to PN2.

## CAUSES OF ACTION

### Count I – Breach of Contract

15. PN2 repeats and realleges the allegations contained in the paragraphs above as if fully set forth herein.

16. The Insurers' failure to pay the full amount of PN2's losses and damages caused by Hurricane Harvey constitutes a material breach of the Policy. The Insurers' breach has proximately caused damages to PN2, for which damages PN2 now sues.

17. As a result of the Insurers' breach of contract, PN2 is entitled to recover its actual damages.

18. Pursuant to Section 38.001(8) of the Texas Civil Practice and Remedies Code, PN2 is also entitled to recover a reasonable amount for attorneys' fees to prosecute this action.

### Count 2 – Violations of the Texas Insurance Code

19. PN2 repeats and realleges the allegations contained in the paragraphs above as if fully set forth herein.

20. PN2 and the Insurers are persons as defined in the Texas Insurance Code. In their dealings with PN2, the Insurers engaged in at least the following unfair and deceptive practices in the business of insurance:

4

a. Tex. Ins. Code § 541.060(a)(1) – the Insurers misrepresented to PN2 a material fact or Policy provision relating to coverage at issue.

b. Tex. Ins. Code § 541.060(a)(2)(A) – the Insurers failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of PN2's claims when the Insurers' liability has become reasonably clear.

c. Tex. Ins. Code § 541.060(a)(6) – the Insurers undertook to enforce a full and final release when the Insurers had made only a partial payment.

d. Tex. Ins. Code § 541.060(a)(7) – the Insurers refused to pay PN2's claim without conducting a reasonable investigation.

21. As a result of these and other violations of the Texas Insurance Code, PN2 is entitled to recover its actual damages, plus court costs and reasonable attorneys' fees. Tex. Ins. Code § 541.152(a)(1). In addition, because the Insurers knowingly committed the aforementioned violations, PN2 is entitled to an amount not to exceed three times the amount of actual damages. Tex. Ins. Code § 541.152(b).

## Count 3 – Violation of the Prompt Payment of Claims Act

22. PN2 repeats and realleges the allegations contained in the paragraphs above as if fully set forth herein.

23. As a result of their failure to pay PN2's claim promptly, the Defendants violated Chapter 542 of the Texas Insurance Code—the Prompt Payment of Claims Act. After receiving all items, statements, and forms reasonably required under section 542.055, Defendants delayed payment of the claim in violation of the Act.

24. Defendants, therefore, owe PN2, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorneys' fees. Tex. Ins. Code § 542.060(a).

### Count 4 – Violations of the Deceptive Trade Practices Act

25. PN2 repeats and realleges the allegations contained in the paragraphs above as if fully set forth herein.

26. PN2 is a consumer within the meaning of the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA). Tex. Bus. & Com. Code § 17.45(4).

27. Each of the Insurance Code violations described above constitutes a violation of the DTPA pursuant to its tie-in provision for Insurance Code violations. Tex. Bus. & Com. Code § 17.50(a)(4).

28. Defendants' violations of the DTPA were a producing cause of PN2's damages. As a result of Defendants' violations of the DTPA, PN2 is entitled to recover the amount of economic damages found by the trier of fact together with reasonable and necessary attorneys' fees and court costs. Tex. Bus. & Com. Code § 17.50(b)(1) & (c).

29. Additionally, because Defendants' conduct was committed knowingly and intentionally, PN2 is entitled to recover three times the amount of economic damages. Tex. Bus. & Com. Code § 17.50(b)(1).

### Count 5 – Breach of Duty of Good Faith & Fair Dealing

30. PN2 repeats and realleges the allegations contained in the paragraphs above as if fully set forth herein.

31. The relationship between an insurer and its insured is a special relationship. That special relationship imposes a duty on an insurer to deal fairly and in good faith with its insured. By virtue of the Policy, the Insurers owe PN2 a duty of good faith and fair dealing.

32. Through the conduct described above, the Insurers breached the common law duty of good faith and fair dealing owed to PN2 under the Policy.

33. The Insurers' breach of its common law duty of good faith and fair dealing has resulted in damages to PN2, and PN2 is entitled to recover its actual damages.

34. As a result of the Insurers' breach of their common law duty of good faith and fair dealing, PN2 seeks, in addition to its actual damages, exemplary damages.

## CONDITIONS PRECEDENT

35. All conditions precedent including but not limited to any demand or notice requirements under the DTPA or the Texas Insurance Code, have occurred, been performed, been waived, been excused, or are not required due to impracticability.

36. Pursuant to Insurance Code § 542A.003(d), presuit notice by PN2 is impracticable because, in their claim denial letter dated July 30, 2019, Insurers take the position that PN2 "may not bring a legal action against [insurers] ... unless the action is brought within 2 years after the date on which the direct physical loss or damage occurred." Although PN2 does not agree with Insurers, or concede that the policy can override Texas law regarding limitations, PN2 nevertheless has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire, given Insurers' July 30, 2019, position and written representations.

## PRAYER

WHEREFORE, Plaintiff PN2 prays that Defendants be cited to appear and, after a trial on the merits, that the Court enter judgment awarding PN2 the following:

1. All actual damages, both direct and consequential, as alleged herein and/or that may be proved at trial;

2. Statutory damages not to exceed three times the amount of actual damages for violation of the Texas Insurance Code and the DTPA;

3. Exemplary damages

4. Interest on the amount of its claim at a rate of 18% per year as damages;

5. Reasonable and necessary attorneys' fees incurred in the prosecution of this lawsuit, as well as such fees incurred in all subsequent appellate proceedings;

6. Pre-judgment and post-judgment interest as allowed by law at the maximum legal rate.

7. Costs of Court; and

8. All other relief, general or special, at law or in equity, to which PN2 may be justly entitled.

Respectfully submitted,

BECK REDDEN LLP

By: _____
Jeff M. Golub
State Bar No. 00793823
jgolub@beckredden.com
David W. Jones
State Bar No. 00790980
djones@beckredden.com
1221 McKinney, Suite 4500
Houston, Texas 77010
Telephone: 713/951-3700
Telecopier: 713/951-3720

COUNSEL FOR PN2-1445 LTD.

8



8/29/2019 10:31 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36382488
By: Anais Aguirre
Filed: 8/29/2019 10:31 AM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** 2019-59294   **CURRENT COURT:** 281st Judicial District

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE:** 08/23/2019   Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Massachusetts Bay Insurance Company

**Address of Service:** 1999 Bryan Street, Suite 900

**City, State & Zip:** Dallas, Texas 75201-3136

**Agent (if applicable)** CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [ ] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citations Rule 106 Service
- [ ] Citation Scire Facias
- Newspaper_____
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Protective Order
- [ ] Secretary of State Citation ($12.00)
- [ ] Capias (not an E-Issuance)
- [ ] Attachment
- [ ] Certiorari
- [ ] Highway Commission ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [ ] Hague Convention ($16.00)
- [ ] Garnishment
- [ ] Habeas Corpus
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe)_____

(See additional Forms for Post Judgment Service)

**SERVICE BY (check one):**
- [ ] ATTORNEY PICK-UP (phone) _____
- [x] E-Issuance by District Clerk
- [ ] MAIL to attorney at: _____
  **(No Service Copy Fees Charged)**
- [ ] CONSTABLE
- [ ] CERTIFIED MAIL by District Clerk

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____

- [ ] OTHER, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: **Jeff M. Golub**   Bar # or ID **00793823**

Mailing Address: **1221 McKinney Street, Suite 4500, Houston, TX 77010**

Phone Number: **(713) 951-6281**



8/29/2019 10:31 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36382488
By: Anais Aguirre
Filed: 8/29/2019 10:31 AM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** 2019-59294        **CURRENT COURT:** 281st Judicial District

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE:** 08/23/2019   Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** The Hanover Insurance Company

**Address of Service:** 1999 Bryan Street, Suite 900

**City, State & Zip:** Dallas, Texas  75201-3136

**Agent (if applicable)** CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- ☐ Citation
- ☐ Citation by Posting
- ☐ Citation by Publication  Newspaper_____
- ☐ Citations Rule 106 Service
- ☐ Citation Scire Facias
- ☐ Temporary Restraining Order
- ☐ Precept
- ☐ Notice
- ☐ Protective Order
- ☐ Secretary of State Citation ($12.00)
- ☐ Capias (not an E-Issuance)
- ☐ Attachment
- ☐ Certiorari
- ☐ Highway Commission ($12.00)
- ☐ Commissioner of Insurance ($12.00)
- ☐ Hague Convention ($16.00)
- ☐ Garnishment
- ☐ Habeas Corpus
- ☐ Injunction
- ☐ Sequestration
- ☐ Subpoena
- ☐ Other (Please Describe) _____

(See additional Forms for Post Judgment Service)

**SERVICE BY (check one):**
- ☐ ATTORNEY PICK-UP (phone) _____
- ☐ MAIL to attorney at: _____
- ☐ CONSTABLE
- ☐ CERTIFIED MAIL by District Clerk
- ☒ E-Issuance by District Clerk (No Service Copy Fees Charged)

*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____
- ☐ OTHER, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: **Jeff M. Golub**   Bar # or ID **00793823**

Mailing Address: **1221 McKinney Street, Suite 4500, Houston, TX  77010**

Phone Number: **(713) 951-6281**

Unofficial Copy Office of Marilyn Burgess District Clerk

9/4/2019 10:27 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36506546
By: Brittany Hall
Filed: 9/4/2019 10:27 AM



1221 McKinney Street, Suite 4500 | Houston, Texas 77010
Phone 713.951.3700 | Fax 713.951.3720
www.beckredden.com

**JEFF GOLUB**
jgolub@beckredden.com

September 4, 2019

RE:  RE:  Cause No. 2019-59294; **PN2-1445 LTD. v. *The Hanover Insurance Company and Massachusetts Bay Insurance Company***; In the 281st District Court of Harris County, Texas.

===============================================================

Marilyn Burgess, District Clerk
Harris County District Court
201 Caroline
Houston, Tx 77002

Ladies and Gentlemen:

Please prepare two Citations for the Request for Issuance of Service on (1) The Hanover Insurance Company and (2) Massachusetts Bay Insurance Company filed August 29, 2019.

Thank you for your assistance.

Sincerely,

Jeff M. Golub

## AFFIDAVIT OF SERVICE

9/27/2019 11:18 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37188022
By: Bonnie Lugo
Filed: 9/27/2019 11:18 AM

**State of Texas**      **County of Harris**      281st Judicial District Court

Case Number: 201959294

Plaintiff:
**PN2-1445 LTD.**

vs.

Defendant:
**THE HANOVER INSURANCE COMPANY AND MASSACHUSETTS BAY INSURANCE COMPANY**

PTC2019004107

For:
Jeff M. Golub
Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, TX 77010-2010

Received by Compass Process Servers on the 20th day of September, 2019 at 11:33 am to be served on **The Hanover Insurance Company, by serving its Registered Agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.**

I, Martin Burgos, being duly sworn, depose and say that on the **24th day of September, 2019 at 12:45 pm**, I:

served a **CORPORATION** by delivering a true copy of the **Citation with Plaintiff's Original Petition** with the date of service endorsed thereon by me, to: **Antoinette Williams as Authorized To Accept at CT Corp for The Hanover Insurance Company, by serving its Registered Agent: CT Corporation System**, at the address of: **1999 Bryan Street, Suite 900, Dallas, TX 75201**, and informed said person of the contents therein, in compliance with state statutes.

I am of sound mind, capable of making this Affidavit. I am over the age of 18 years and I am not a party to this suit and have no interest in the outcome of the suit.

STEPHANIE KAY COCHRAN
Notary Public, State of Texas
Comm. Expires 03-26-2023
Notary ID 131946910

Subscribed and Sworn to before me on the _26_ day of _September_, _2019_ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

_____
Martin Burgos
PSC-15898, Exp. 12/31/2020

Compass Process Servers
delivery@compassde.com
P.O. Box 11042
Killeen, TX 76547
(888) 619-7499

Our Job Serial Number: PTC-2019004107

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c

# AFFIDAVIT OF SERVICE

9/27/2019 11:18 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37188022
By: Bonnie Lugo
Filed: 9/27/2019 11:18 AM
281st Judicial District Court

**State of Texas**  **County of Harris**

Case Number: 201959294

Plaintiff:
PN2-1445 LTD.

vs.

Defendant:
THE HANOVER INSURANCE COMPANY AND MASSACHUSETTS BAY INSURANCE COMPANY

PTC2019004106

For:
Jeff M. Golub
Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, TX 77010-2010

Received by Compass Process Servers on the 20th day of September, 2019 at 11:33 am to be served on Massachusetts Bay Insurance, by serving its Registered Agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

I, Martin Burgos, being duly sworn, depose and say that on the 24th day of September, 2019 at 12:45 pm, I:

served a **CORPORATION** by delivering a true copy of the **Citation with Plaintiff's Original Petition** with the date of service endorsed thereon by me, to: **Antoinette Williams as Authorized To Accept** at CT Corp for **Massachusetts Bay Insurance**, by serving its Registered Agent: CT Corporation System, at the address of: 1999 Bryan Street, Suite 900, Dallas, TX 75201, and informed said person of the contents therein, in compliance with state statutes.

I am of sound mind, capable of making this Affidavit. I am over the age of 18 years and I am not a party to this suit and have no interest in the outcome of the suit.

STEPHANIE KAY COCHRAN
Notary Public, State of Texas
Comm. Expires 03-26-2023
Notary ID 131946910

Subscribed and Sworn to before me on the 26 day of September, 2019 by the affiant who is personally known to me.

Stephanie Kay Colman
NOTARY PUBLIC

Martin Burgos
PSC-15898, Exp. 12/31/2020

Compass Process Servers
delivery@compassde.com
P.O. Box 11042
Killeen, TX 76547
(888) 619-7499

Our Job Serial Number: PTC-2019004106

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c